**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| SUNDAY NGBEDE EGAHI, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 21-cv-02938-LKG |
| ) | |
| v. ) | Dated:  July 12, 2023 |
| ) | |
| MERRICK GARLAND, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

### I.      INTRODUCTION

Plaintiff, Sunday Ngbede Egahi, brings this civil action against Defendants, Attorney General Merrick Garland, Secretary of Homeland Security Alejandro Mayorkas, Ur Jaddou, Director of United States Citizenship and Immigration Services ("USCIS"), and Susan Dibbins, Director of USCIS's Administrative Appeals Office, challenging the USCIS's decision to deny his Violence Against Women Act petition, Form I-360.  *See generally*, ECF No. 8.  Defendants have moved to dismiss the amended complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).  *See* ECF No. 12-1.  The motion is fully briefed.  *See* ECF Nos. 8, 12-1, 15, 18.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons set forth below, the Court (1) **GRANTS** Defendants' motion to dismiss and (2) **DISMISSES** the amended complaint.

### II.      FACTUAL AND PROCEDURAL BACKGROUND[1]

#### A.      Factual Background

Plaintiff, Sunday Ngbede Egahi, brings this civil action against Defendants, challenging

---

[1] The facts recited in this memorandum opinion and order are taken from the complaint and Defendants' motion to dismiss and memorandum in support thereof.  *See generally*, ECF Nos. 8, 12-1, 15, 18.

1

the USCIS's decision to deny his Violence Against Women Act petition, Form, I-360. *See generally*, ECF No. 8. As relief, Plaintiff seeks, among other things, an order remanding his petition to the USCIS's Vermont Service Center. *Id*. at Prayer for Relief.

<u>Plaintiff's Petition And The USCIS's Decision</u>

As background, on June 17, 2017, Plaintiff filed a self-petition with the USCIS's Vermont Service Center, pursuant to the Violence Against Women Act ("VAWA"), to obtain lawful permanent resident status based on abuse by a U.S. citizen spouse. ECF No. 8 at 5 ¶ 2; ECF No. 12-1 at 1. On August 22, 2019, the USCIS denied Plaintiff's self-petition. ECF No. 8 at 2 ¶ 5, 5 ¶ 3; ECF No. 12-1 at 1.

In its denial decision, the USCIS determined Plaintiff had not established his eligibility for the requested classification, because Plaintiff had not established that he shared a residence with a U.S. citizen, or lawful permanent resident spouse or intended spouse. I.J. at 1. Specifically, the USCIS observed that, while Plaintiff maintained that he shared a residence in Austin, Texas with his spouse, Tenessa Wright, from approximately April 2013 to June of 2014, the record evidence showed that Ms. Wright had lived alone and leased a residence located in Fort Worth, Texas during that period, as confirmed by her leasing manager. *Id.* at 2. And so, the USCIS concluded that the testimony of Ms. Wright's leasing manager and other evidence "called into question the credibility of [Plaintiff's] statements and the other evidence submitted [by Plaintiff]" to establish a shared residence. *Id*.

The USCIS also determined that the IRS Forms 1040EZ, from tax years 2012 and 2013, that Plaintiff relied upon to show that he and Ms. Wright were married and shared a residence should be afforded diminished weight, because the forms were not accompanied by evidence to demonstrate that they were submitted to, and processed by, the Internal Revenue Service. *Id*. The USCIS similarly found certain Bank of America account statements provided by Plaintiff to be insufficient to establish a shared residence, because "all but a few purchases listed in the account activity between October of 2012 and December of 2013 were made in Fort Worth, Texas," while Plaintiff claimed to be living with Ms. Wright in Austin, Texas from April of 2013 through June of 2014. *Id.* And so, the USCIS concluded that the evidence supported a finding that Tenessa Wright never moved to Austin, Texas to live with Plaintiff. *Id.* at 3.

In addition, the USCIS determined that certain third-party affidavits submitted by Plaintiff to support his self-petition "included general statements that [Plaintiff] and Tenessa

2

Wright shared residences, however they were not detailed and were found insufficient to overcome the deficiencies and credibility issues in the record." *Id.* at 4.  And so, the USCIS denied Plaintiff's petition. *Id.* at 1.

On September 24, 2019, Plaintiff timely appealed USCIS's denial decision to the Administrative Appeals Office ("AAO").  ECF No. 8 at 5 ¶ 4.  On May 24, 2021, the AAO affirmed USCIS's denial decision and dismissed Plaintiff's appeal.  ECF No. 8 at 5 ¶¶ 4-5; ECF No. 12-1 at 1.

<u>Plaintiff's Allegations</u>

Plaintiff commenced this action on November 19, 2021.  ECF No. 1.  In the amended complaint, Plaintiff alleges that Defendants violated the Administrative Procedure Act ("APA") by arbitrarily and capriciously relying "on evidence [that was not] in the record and ignor[ing] [the record's] contrary evidence" in denying his self-petition.  ECF No. 8 at 2 ¶¶ 6-7; *see also* 5 U.S.C. § 706(2)(a) (1966).  Specifically, Plaintiff alleges that "[t]he sole reason stated in the denial of the petition was the failure to establish joint residence during the marriage based on a site interview of the apartment leasing manager for the marital home and the service center claim that certain expenses in bank statements were not adequately addressed by Plaintiff." ECF No. 8 at 2 ¶ 5.

Plaintiff also alleges that Defendants' "findings were not based on evidence in the record and [Defendants] ignored contrary evidence that was contained in the record." *Id.* ¶ 6. And so, Plaintiff maintains in this action that the denial of his self-petition violated the APA, because the USCIS improperly re-adjudicated the validity of his marriage; improperly analyzed "the relevance of co-habitation during the marriage;" and afforded "disproportionate weight" to the testimony of Ms. Wright's leasing manager. *Id.* at 5 ¶ 3.

**B.  Procedural Background**

Plaintiff commenced this civil action on November 19, 2021.  ECF No. 1.  Plaintiff filed an amended complaint on January 19, 2022.  ECF No. 8.

Defendants filed a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim on July 14, 2022.  ECF No. 12-1.  Plaintiff filed a response in opposition to Defendants' motion to dismiss on August 29, 2022.  ECF No. 15.  Defendants filed a response in support of their motion to dismiss on October 3, 2022.  ECF No. 18.

Defendants' motion to dismiss having been fully briefed, the Court resolves the pending motion.

### III.   LEGAL STANDARDS

#### A.  Jurisdiction And Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case."  *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists.  *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).  Given this, the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  *Id.*  (citation omitted).  And so, if a plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction.  *Davis*, 367 F. Supp. 2d at 799.

#### B.  Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  (citing *Twombly*, 550 U.S. at 556).  When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court

accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ."  *Nemet Chevrolet*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

### C.  Sections 1252 And 1154

Section 1252 of the Immigration and Nationality Act ("INA") provides that "court[s] [do] not have jurisdiction to review any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229(b), 1229(c), 1255 [of the INA]," nor "any other decision or action of the Attorney General or the Secretary of Homeland Security [where] the authority … is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]"  8 U.S.C. § 1252(a)(2)(B) (1952).  The Supreme Court has interpreted the jurisdictional bar regarding "any judgment … granting … relief " under Section 1252(a)(2)(B)(i)'s enumerated sections to apply to all "factual determinations" made by the Attorney General.  *Patel v. Garland*, 142 S. Ct. 1614, 1618 (2022).  Relevant to this dispute, which implicates Section 1252(a)(2)(B)(ii), the Fourth Circuit has held that this jurisdictional bar also applies to "any other decisions or actions of the Attorney General or Secretary of Homeland Security" under Section 1252(a)(2)(B)(ii)'s catchall provision.  *See Uvalle v. Garland*, No. 21-2418, 2023 WL 2446717, at *3 (4th Cir. March 10, 2023) (noting that *Patel*'s jurisdictional bar extends to "*any* [§ 1252(a)(2)(B)] review" of factual determinations) (citation omitted) (emphasis added); 8 U.S.C. § 1252(a)(2)(B)(ii).

Individuals who have filed as petitioners before the USCIS can overcome the jurisdictional bar under Section 1252 by raising a constitutional claim or question of law.  8 U.S.C. §§ 1252(a)(2)(B) and 1252(a)(2)(D).  But, such petitioners must file their claim before a United States court of appeals during a removal proceeding.  *Id.* § 1252(a)(2)(B).  And so, the

Fourth Circuit has held that the exclusive means for judicial review of a legal issue under Section 1252 is a removal proceeding before a United States court of appeals. *Id.* § 1252(a)(2)(D); *see also Lee v. U.S. Citizenship and Immigration Services*, 592 F.3d 612, 620-21 (4th Cir. 2010) (quoting *Abdelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009)).

Lastly, 8 U.S.C. § 1154 governs the procedure for granting immigrant status. 8 U.S.C. § 1154 (1952). In this regard, Section 1154 provides that, in acting on petitions, or in making determinations:

> [T]he Attorney General shall consider any credible evidence relevant to the petition. The determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney General.

*Id.* § 1154(a)(1)(J).

## IV.   LEGAL ANALYSIS

Defendants have moved to dismiss all claims brought by Plaintiff in this matter upon the grounds that 8 U.S.C. §§ 1154(a)(1)(J) and 1252(a)(2)(B)(ii) preclude judicial review of Plaintiff's claims. ECF No. 12-1 at 4 ¶ 1. Plaintiff counters that judicial review is permissible in this case under the APA, because Defendants acted arbitrarily and capriciously by relying "on evidence [that was not] in the record and [by] ignor[ing] [the record's] contrary evidence" in denying his VAWA self-petition. ECF No. 8 at 2 ¶¶ 6-7; *see also* 5 U.S.C. § 706(2)(a). Plaintiff also argues that the Court may review his claims, because "Defendants['] [actions] … offend[ed] the [Constitution's] Equal Protection and Due Process Clauses[.]" ECF No. 8 at 2 ¶ 7. And so, Plaintiff requests that the Court deny Defendants' motion to dismiss. ECF No. 15 at 1.

For the reasons that follow, Sections 1154(a)(1)(J) and 1252(a)(2)(B)(ii) preclude judicial review of this matter because the amended complaint makes clear that Plaintiff challenges the Defendants' discretionary determinations regarding the weight and credibility of the evidence provided in support of his petition in this case. And so, the Court GRANTS Defendants' motion to dismiss and DISMISSES the amended complaint.

A careful reading of the amended complaint shows that Plaintiff improperly seeks judicial review of Defendants' discretionary determinations regarding the weight and credibility of the evidence provided in support of his VAWA petition.

The INA provides that courts may not review any "decision or action" carried out by the Attorney General, pursuant to "the Attorney General['s] … discretion" under the INA.  8 U.S.C. § 1252(a)(2)(B)(ii).  The INA also makes clear that the Attorney General has the "sole discretion" to "determin[e] … what evidence is credible and [how much to] … weigh[] that evidence" when considering VAWA petitions.  *Id.* § 1154(a)(1)(J).

 In this case, the amended complaint makes clear that Plaintiff is challenging the discretionary decisions of the Attorney General and Secretary of the Department of Homeland Security in evaluating and denying his VAWA petition.  Notably, the amended complaint alleges that Defendants acted arbitrarily and capriciously by relying "on evidence [that was not] in the record and [by] ignor[ing] [the record's] contrary evidence" to deny Plaintiff's VAWA self-petition.  ECF No. 8 at 2 ¶¶ 6-7.  The amended complaint also makes clear that Plaintiff is challenging Defendants' reliance upon the testimony of Ms. Wright's leasing manager in denying his VAWA self-petition.  *Id.* at 5 ¶ 3.

Sections 1252(a)(2)(B)(ii) and 1154(a)(1)(J) bar judicial review of Plaintiff's claims.  8 U.S.C. §§ 1252(a)(2)(B)(ii) and 1154(a)(1)(J).  And so, the Court must dismiss the amended complaint.

The Court is also not persuaded by Plaintiff's argument that the Court may review this matter, because he raises a constitutional claim in the amended complaint.  As Plaintiff correctly observes, he can overcome Section 1252(a)(2)(B)'s jurisdictional bar by raising a constitutional claim.  *Id.* § 1252(a)(2)(B)(ii) and (2)(D).  The amended complaint alleges that "Defendants['] [actions] … offend the [Constitution's] Equal Protection and Due Process Clauses[.]"  ECF No. 8 at 2 ¶ 7.  But, Plaintiff neither explains the nature of his purported constitutional claim, nor states how Defendants violated the constitution in the amended complaint.  *See generally*, ECF

7

Nos. 8, 15.  Given this, Plaintiff fails to allege any facts upon which the Court may base jurisdiction in this case.  *Davis*, 367 F. Supp. 2d at 799.[2]

Because the amended complaint challenges Defendants' discretionary factual determinations regarding the weight and credibility of Plaintiff's evidence to support his VAWA self-petition, and Plaintiff fails to state a cognizable constitutional claim in the amended complaint, Section 1252(a)(2)(B)(ii) bars judicial review of this matter.  And so, the Court GRANTS Defendant's motion to dismiss and DISMISSES the amended complaint.

## V.     CONCLUSION

In sum, the Court does not possess subject-matter jurisdiction to consider Plaintiff's claims challenging Defendants' denial of his VAWA self-petition.  And so, for the foregoing reasons, the Court:

(1) **GRANTS** Defendant's motion to dismiss; and

(2) **DISMISSES** the amended complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**


s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[2] Even if Plaintiff stated a cognizable constitutional claim in this matter, judicial review by this Court would remain barred, because Plaintiff must seek review before a United States court of appeals.  *See Lee v. U.S. Citizenship and Immigration Services*, 592 F.3d 612, 620-21 (4th Cir. 2010).

8